JOHN KLANIAN *vs.* NEW YORK LIFE INSURANCE COMPANY.

JULY 24, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

See also 68 R. I. 126.

PER CURIAM. After our opinion was filed in the above case, the defendant requested permission to file a motion for reargument, which was granted. It urges in support of its motion that: (1) Certain additional authorities not discussed in the briefs strongly support its contention that the incontestability clause in the policy does not prevent a defense based upon misrepresentations in the application, where such a defense is confined to an action for disability benefits; and (2) that the authorities on the question of rescission by mutual consent do not require an actual meeting of the minds, and that a mistaken idea by one party of his words and acts will not prevent the formation of the contract; evidence of actual intention, as distinguished from manifested intention being immaterial.

Neither reason furnishes a sufficient warrant for granting a reargument under our practice. The first is merely an assertion that there are other additional authorities, one of which has been recently decided and which defendant claims may be of special interest, contrary to the view which we

took of the incontestability clause. *New York Life Ins. Co.* v. *Rotman,* 3 N. W. 2d (Iowa) 603. We have examined that case and it does not appear to us to advance, in support of its conclusion, any reason that was not urged by the defendant before us, or that was not inherent in those decisions in which the Iowa court was in agreement and with which we disagreed. Such reasons and decisions were considered by us in reaching our opinion in the instant case. Therefore nothing has been shown here to warrant a reargument of this point.

The second reason advanced for reargument is, if anything, less persuasive. The defendant has fully argued the substance of the point which it now makes; and it does not appear that we overlooked or failed to consider any of the arguments which it made in support of such point. We simply disagreed with them. A reargument which would merely enable the defendant to traverse that ground again would accomplish nothing and is manifestly not a sufficient reason for granting its motion.

Motion for reargument denied.

*Jasper Rustgiian, Perkins, Higgins & McCabe, James A. Higgins,* for plaintiff.

*Haslam, Arnold & Sumpter, Harry A. Tuell, Walter D. Harris,* for defendant.